**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE G. SCHOGGEN, | No. 12-17733 |
| Plaintiff, | D.C. No. 1:12-cv-00049-LEK-BMK |
| IRA DENNIS HAWVER, | |
| Appellant, | MEMORANDUM[*] |
| v. | |
| HAWAII AVIATION CONTRACT SERVICES, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 9, 2015[**]
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ira Dennis Hawver appeals the district court's award of sanctions and its denial of his motion for reconsideration of that award. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by awarding sanctions for filing a frivolous complaint pursuant to Federal Rule of Civil Procedure 11(b). *See Holgate v. Baldwin*, 425 F.3d 671, 675-77 (9th Cir. 2005). The district court dismissed the complaint with prejudice, concluding that res judicata bars all of the claims asserted in the Verified Complaint.[1] The district court correctly found that the Verified Complaint was virtually identical to the complaint filed in December 2004, alleged the same claims arising from the same set of operative facts, which were ultimately resolved when the district court entered judgment confirming the arbitrator's final award upon Bruce Schoggen's motion in 2007.

In addition, Schoggen's attorney, Mr. Hawver, failed to conduct a reasonable and competent investigation, which would have revealed that the claims had been previously and conclusively adjudicated. Not only does the Verified Complaint discuss the prior litigation between the two parties, but defense counsel

---

[1] Schoggen did not appeal from the order dismissing the complaint and entering judgment in favor of Hawaiian Aviation Contract Services, Inc. We necessarily must consider, however, whether the district court correctly ruled that res judicata bars all of the claims in the Verified Complaint to make the appropriate inquiry under *Holgate*.

sent Mr. Hawver a twelve-page, single-spaced letter upon receipt of the complaint, detailing the history of the precise claims at issue, the applicable hornbook principles of res judicata, and why the complaint would subject Mr. Hawver to Rule 11 sanctions. Mr. Hawver chose not to voluntarily dismiss the Verified Complaint. Neither Mr. Hawver's subjective views as to the merits of the confirmation order, nor his attempt to present the complaint as asserting a claim of "fraudulent misrepresentations to the arbitrator," despite the absence of any such allegations, justify his filing the objectively baseless Verified Complaint.

**AFFIRMED.**